# GEORGE W. HAYS

*v.*

# THE OTTAWA, OSWEGO & FOX RIVER VALLEY RAILROAD COMPANY.

1. PLEA—*railroad subscription—sale of franchise—failure of consideration.* A plea that avers that a subscription to the stock of a railroad company, to be paid when the road should be completed between certain points, and, on payment, the subscriber was to receive a certificate. for a like amount of stock; and avers that the company had sold the road to another corporation, which was operating it: *Held,* the plea was bad on demurrer, as, if the charter authorized the sale, the party subscribing must have known that the power could be exercised; if there was no such power conferred, then the sale was void, and on payment and receipt of his certificate, he would hold his stock unimpaired, and there was not a failure of consideration.

2. SAME—*lease of the road.* Where a plea averred the same facts, except that the company had leased the road: *Held,* if there was power to lease, then the subscriber must have known, when he subscribed, that the power might be exercised, and if there was no such power, then the attempt to lease would not affect the stock, as the lease would be void, and those running the road would be the mere agents of the original company. Such a plea presents no defense.

3. PLEA—*fraudulent representations.* Where the plea averred that the inducement to subscribe for such stock was to procure a competing line to another named road, and the agent at the time represented that the road should remain a competing line, but when completed it was leased to the competing road: *Held,* this plea was bad on demurrer, as it fails to aver that the agent falsely and fraudulently made the representations. Fraud must be pleaded and proved.

4. SAME—*evidence.* Such representations form no part of the subscription, and in such written instruments parol evidence can not be heard to alter, change or add a condition to them.

WRIT OF ERROR to the Circuit Court of Iroquois county; the Hon. CHARLES H. WOOD, Judge, presiding.

Mr. L. E. PAYSON, for the plaintiff in error.

Mr. B. C. COOK, for the defendant in error.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The sufficiency of the pleas of the plaintiff in error is the only question presented.

Hays executed his note to the company, by which he promised to pay it $500 when the iron for the road was laid between certain points, and, upon payment, he was to receive a certificate for a like amount of the capital stock of the company.

The first plea is, substantially, that the company had sold a portion of the road to another corporation, which was operating and controlling it.

We have not been referred to the charter of the company, and therefore have no knowledge of the powers granted therein. If authority was given to the corporation to sell, then it has only acted within the scope of the power granted. Persons contracting with it must be presumed to act with full knowledge of its powers, and can not complain when its acts are in accordance with the law of its creation.

But a sale and transfer of the powers of one company to another, without the authority of the legislature, are against

public policy, and the courts will do nothing which would promote the transfer, as it is in utter disregard of the duties and obligations of the company.  *Great Northern Railway Co.* v. *Eastern Counties Railway Co.* 9 Hare, 306 ; *Beman* v. *Rufford,* 6 Eng. Law & Eq. 106 ; *South Yorkshire Railway Co.* v. *Great Northern Railway Co.* 19 Eng. Law & Eq. 513.

If the sale, then, was without authority granted in the charter, it was merely an unlawful attempt to accomplish what can only be done by the legislature, and is no defense against the payment of the subscription.

The second 'plea presents the question, whether the subscriber is released by reason of the lease of the road to another company.

If there was power to lease, the subscription must be regarded as having been made with reference to it.  If there was not, is the act of leasing such a material and fundamental alteration of the responsibilities and duties of the company as to exonerate the subscriber from payment?

Even an alteration in the location of a road, if made by authority of the law, is no defense to an action for calls.  The reason is, that the party is presumed to contract with knowledge of and reference to the law.  *Illinois River Railroad Co.* v. *Beers,* 27 Ill. 185 ; *Calvin* v. *Turnpike Co.* 1 Carter, 511.

If the leasing was not authorized by law, then the liabilities and duties of the company to which the subscription was made, exist in full force, and the courts will hold it to a strict performance of all its obligations to the subscriber and to the public.  The lessees will only be regarded as its servants, and the corporation, which received its franchise from the State, is not, by the act of leasing, discharged from its contracts or released from any of its liabilities.  *O. & M. R. R. Co.* v. *Dunbar,* 20 Ill. 623 ; *Chi. & R. I. R. R. Co.* v. *Whipple,* 22 Ill. 106.

When the plaintiff in error shall have paid his subscription and received his certificate of stock, he then will have equitable rights to be protected by the courts, and may prevent

gross mismanagement of the property and misapplication of the funds of the corporation, but the mere fact of leasing and probable, or even certain, loss in the earnings of the company constitute no defense to the note.

The third plea avers, that the inducement to give the note was a representation by the agent of the company that the road would be, and should remain, a competing line with the Chicago, Burlington & Quincy Railroad, but that when completed it was leased to the intended competing line.

Fraudulent representations made by an agent of a corporation, and which induce a subscription, would be a substantial fraud, which would vitiate a contract. But, as the law intends that every person is innocent of fraud, when it is relied upon as a defense, it must be fully pleaded and proved. The plea does not aver that the representations were false and fraudulent, and, for aught that appears, they may have been innocent. As a plea of fraud, it is therefore bad.

The representation contained in the plea forms no part of the writing sued on, and parol evidence can not be admitted to add a condition to the written subscription.

We think the demurrer was properly sustained to all the pleas.

As the plaintiff in error abided by his pleas, the judgment must be affirmed.

*Judgment affirmed.*